DANIEL E. FINN, as Sheriff of the County of New York, and THOMAS J. JOHNSON, Plaintiffs, *v.* CLARENCE DILLON, as President, or WILLIAM H. DRAPER, JR., as Treasurer, of Dillon, Read & Co., a Joint Stock Association Organized under the General Associations Law of the State of New York, Defendants.

City Court of New York, Kings County. April 30, 1936.

*Daniel A. Shirk*, for the plaintiffs.

*Cotton, Franklin, Wright & Gordon* [*Joseph V. Heffernan* of counsel], for the defendants.

GEISMAR, J. These are motions for summary judgment in an action brought in aid of an attachment. The plaintiffs are the sheriff of the county of New York and Thomas J. Johnson, a judgment creditor of the United Steel Works Corporation (hereinafter referred to as the corporation). The attachment was levied against funds in the hands of the defendant joint stock association alleged by the plaintiffs to be the property of the corporation. The defendant in its certificate furnished to the sheriff stated that on the date of the attachment it held no property of the corporation although it did hold funds in trust for the holders of various obligations of the corporation, such funds being held pursuant to the terms of certain indentures under which the said obligations were issued. The pertinent clauses of such indentures read as follows:

" Section 3. So long as any Notes are outstanding, the Company covenants and agrees to pay to and deposit with the Fiscal Agent at its principal office in the Borough of Manhattan, the City of New York: (a) at least three (3) days before each interest payment date specified in the coupons appertaining to the Notes, the full amount required to meet the interest maturing on such interest payment date on all Notes then outstanding; and (b) in case any of the Notes shall have been called for redemption * * * the entire amount required to meet the redemption price, principal, interest and premium, if any, of the Notes so called for redemption; and '(c) at least three (3) days before the maturity date of the Notes, the full amount required to meet the principal of the Notes becoming due on such maturity date; * * *.

" Section 4. Any moneys deposited with the Fiscal Agent under sub-paragraphs (a), (b) or (c) of Section 3 of this Article VII which remain unclaimed by the holders of Notes and coupons for six years after the date upon which the same become payable shall be

paid by the Fiscal Agent to the Company, and such holders of Notes and coupons shall thereafter be entitled to look only to the Company for payment thereof, in the city of New York; provided, however, that the Fiscal Agent, before being required to make any such payment to the Company may, at the expense of the Company cause notice that such moneys remain unclaimed as aforesaid and that after a date named therein they will be returned to the Company, to be published once a week for four successive weeks in a daily newspaper printed in English, published and of general circulation in the Borough of Manhattan, The City of New York.

" Section 5. The Company irrevocably authorizes and directs the Fiscal Agent to pay the interest upon the Notes or any of them to the bearers of the coupons, upon presentation and surrender of said coupons (or, in the case of temporary Notes without coupons, upon presentation of the Notes for notation of such payment thereon) and to pay the principal of the Notes or any of them at maturity or on prior redemption to the bearers of unregistered Notes on presentation and surrender thereof, and to the registered owners of Notes on presentation and surrender of their Notes accompanied by proper instruments of assignment and transfer in blank, and to make every such payment without further formality, except as the Fiscal Agent may be advised to be necessary to comply with law in the United States of America."

Under the terms of these indentures, the defendant was employed as trustee of the funds deposited with it for the benefit of holders of obligations of the corporation. (*Sayer* v. *Wynkoop*, 248 N. Y. 54.) The fact that the defendant was not named as a party to the indentures is of no consequence for it is undisputed that the defendant accepted the funds which it segregated in the special accounts and entered into the performance of the trust duties. Without going into all of the facts disclosed by the papers now before the court, it is sufficient to note that there is ample evidence to support the claim that the moneys transmitted by the corporation are being held by the defendant in trust. As to the deposits unclaimed after a period of six years the trust could only be terminated in the manner specified in the indenture, *i. e.*, by furnishing the defendant with funds so that the latter may cause to be published in a certain designated newspaper over a designated period notice that such moneys remain unclaimed and that, after a date named therein, they will be returned to the company. Concededly, this contingency has not occurred and the trust, therefore, has not been terminated. Furthermore, it appears that the corporation, in default of the provisions of section 3, has failed to transmit moneys to cover outstanding interest obligations. Under the circumstances, the

corporation would gain nothing by demanding a return of the unclaimed deposits until it had first performed its obligations under the indentures, for the defendant's duties thereunder are constructively conditional on the earlier performance being rendered by the corporation. (Restatement of Law of Contracts, § 269.) Since the fund in question is still held in trust, the attachment levied against it must be vacated.

The defendants' motion for summary judgment will consequently be granted and the plaintiffs' denied.